IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BUSHRA GORDON,                          *

    Plaintiff,                      *

vs.                                     *

                                    CASE NO. 4:20-CV-84 (CDL)

BRIAN ROWLEY and U.S. BANK             *
NATIONAL ASSOCIATION,
                                        *
    Defendants.

_____       *

O R D E R

Presently pending before the Court is Defendants' motion to compel discovery responses (ECF No. 15).  It is undisputed that Plaintiff has now responded to the discovery requests, but she did not do so until more than two weeks after Defendants filed their motion to compel.  Under Federal Rule of Civil Procedure 37(a)(5)(A), "if the disclosure or requested discovery is provided after the motion" to compel is filed, then the "court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  The Court must not, however, order this payment if the movant filed the motion to compel before attempting in good faith to obtain the discovery without court action, the nondisclosure was substantially justified, or other

circumstances make an award of expenses unjust. *Id.* Here, Plaintiff served the discovery responses on March 8, 2021, more than two months after the deadline and more than two weeks after Defendants filed the motion to compel. Then, on March 10, 2021 Plaintiff filed a response to the motion to compel arguing that an award of expenses is not warranted in this case. The Court is satisfied that Plaintiff has had an opportunity to be heard on the issue. But the Court does not find that any exception to Rule 37(a)(5) applies.

Based on the Court's review of the present record, Defendants followed up with Plaintiff numerous times in a good faith attempt to get the discovery responses without court intervention. Defendants granted Plaintiff several extensions of time to respond to the discovery requests. The last agreed-upon deadline was February 17, 2021. That day, Plaintiff's counsel asked for an extension until close of business on February 19, 2021. Plaintiff's counsel did not send the discovery responses by the extended deadline he requested, and Defendants filed the motion to compel after 5:00 p.m. on February 19, 2021. Plaintiff still did not send the discovery responses until more than two weeks later, on March 8, 2021. Plaintiff offers no substantial justification for the delay. The Court recognizes that one of Plaintiff's lawyers represents that he was ill for several weeks, but that lawyer also told

Defendants that he was feeling back to near normal, was working on the discovery responses, needed a short additional extension to accommodate a mediation in another case, and would get the responses to Defendants by close of business on February 19, 2021. That did not happen, and Plaintiff did not explain why. Nothing about these circumstances makes an award of expenses unjust. Thus, the Court must award Defendants reasonable expenses incurred in making the motion.

Defendants' counsel submitted an affidavit stating that the fees and costs incurred for prosecuting and preparing the motion to compel, including the reply to Plaintiff's response, total $3,710.00: seventeen hours of an associate's time at a rate of $190 per hour and two hours of a partner's time at a rate of $240 per hour. Ivey Aff. ¶¶ 3-4, ECF No. 19-4. Plaintiff objects to the request for fees because Defendants did not provide an itemized bill. Such bills are required when a prevailing party files a motion for attorney's fees following entry of a judgment, *see* M.D. Ga. R. 54.1, but they are not required for an award of expenses under Rule 37(a)(5). The affidavit setting forth the hourly rate and the hours expended on the motion is enough. Plaintiff's counsel shall pay Defendants the $3,710.00 they incurred in prosecuting the motion to compel. Payment shall be made to Defendants, through Defendants' counsel, within thirty days of today's Order.

IT IS SO ORDERED, this 31st day of March, 2021.

                                 s/Clay D. Land
                                 CLAY D. LAND
                                 U.S. DISTRICT COURT JUDGE
                                 MIDDLE DISTRICT OF GEORGIA