IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BUSHRA GORDON,                          *

    Plaintiff,                      *

vs.                                     *
                                            CASE NO. 4:20-CV-84 (CDL)
BRIAN ROWLEY and U.S. BANK              *
NATIONAL ASSOCIATION,
                                        *
    Defendants.
                                        *

<u>O R D E R</u>

Plaintiff alleges that she was injured when Defendant Brian Rowley negligently collided with the vehicle in which she was a passenger. Defendants have filed a motion to compel compliance with a third-party subpoena and two motions to exclude experts. For the reasons set forth below, the Court grants Defendants' motion to compel third-party Peach Injury Network LLC's response to subpoena (ECF No. 24) to the extent set forth below, denies Defendants' motion to exclude the testimony of Dr. Hector Miranda-Grajales (ECF No. 25), and denies Defendants' motion to exclude the testimony of Dr. Richard Boehme (ECF No. 26).

DISCUSSION

## I.  Defendants' Motion to Compel (ECF No. 24)

Plaintiff disclosed Peach Injury Network LLC as a litigation funding company with a financial interest in this action. Plaintiff obtained a loan advance on her claims in this action

from Peach Injury.  Defendants served a subpoena on Peach Injury, seeking documents regarding Peach Injury and regarding its agreement with Plaintiff.  Specifically, Defendants seek (1) a certified copy of Peach Injury's entire file regarding Plaintiff; (2) documents identifying the owners, managers, shareholders, investors, and other individuals with a financial interest in Peach Injury; (3) documents identifying the states in which Peach Injury operates; (4) documents identifying agreements with Plaintiff's medical providers; and (5) agreements between Plaintiff and Peach Injury.

Peach Injury did not object in writing to the subpoena within fourteen days after being served with it, it did not respond to the subpoena by the deadline, and it did not file a motion to quash the subpoena.[1]  Defendants' counsel contacted counsel for Peach Injury, but Peach Injury still did not comply with the subpoena or object in writing.  Defendants then filed their motion to compel.  Peach Injury filed an untimely response, asserting that it is now a defunct and dormant business entity that has produced all items and information in its possession and

---

[1] Peach Injury's response to the motion to compel—which was untimely under the Court's local rules—is styled as a response and motion to quash.  Peach Injury did not file the document as a motion.  Moreover, Federal Rule of Civil Procedure 45(d)(3) requires that a motion to quash subpoena be "timely."  Even if Peach Injury's response brief were construed as a motion to quash, it was not filed until nearly seven months after the subpoena was served, six months after the time for compliance with the subpoena, and five months after Defendants' counsel tried to confer in good faith with counsel for Peach Injury.  The "motion" is not timely within the meaning of Rule 45.

that any other items are not in its possession, control, or custody.

Defendants previously received from Peach Injury several unsigned agreements related to Peach Injury and Peach Health Finance Co. Defendants also previously received an unsigned agreement between Peach Health Financing LLC and Plaintiff. Counsel for Peach Injury (who happens to be counsel for Plaintiff, as well), represented that he would obtain Plaintiff's executed agreement, but it has not yet been produced to Defendants. **Within fourteen days of the date of this order, Peach Injury shall produce any executed agreement between Plaintiff and Peach Injury and/or Peach Health Financing, LLC.** If no such agreement exists, Peach Injury shall produce a verified response to the subpoena stating so.

It is not clear from the present record whether any other documents responsive to the subpoena exist. Peach Injury asserts that "the entity had been sold and that no one was in possession of any more documents than provided in the previous several responses due [sic]." **Within fourteen days of the date of this order, Peach Injury shall produce any documents in its possession regarding the sale of/current ownership of Peach Injury, along with any other documents in its possession that are responsive to the subpoena and not privileged.** If no such documents exist in

Peach Injury's possession, Peach Injury shall produce a verified response to the subpoena stating so.

## II. Defendants' Motion to Exclude the Testimony of Dr. Hector Miranda-Grajales (ECF No. 25)

Defendants seek to exclude the expert testimony of Dr. Hector Miranda-Grajales, Plaintiff's lifecare planner expert. Dr. Miranda-Grajales is a medical doctor who is board certified in brain injury medicine and pain medicine. Dr. Miranda-Grajales is also a certified lifecare planner who created a lifecare plan for Plaintiff.

Defendants argue that Dr. Miranda-Grajales's opinions and testimony are not based on sufficient facts or data because he did not conduct a physical examination of Plaintiff. Rather, he interviewed Plaintiff via telephone and reviewed Plaintiff's medical records, documentation and photographs regarding the wreck, depositions of Plaintiff and her treating physician and other witnesses, and Defendants' expert reports. At his deposition, Dr. Miranda-Grajales testified that he typically conducts a physical examination of patients for whom he does a lifecare plan but did not physically examine Plaintiff because of the COVID-19 pandemic. Dr. Miranda-Grajales also admitted that he did not communicate with Plaintiff's medical providers and that he disagreed with certain recommendations of Plaintiff's treating physician.

The Court understands that it must serve as the gatekeeper under Federal Rule of Evidence 702, keeping out unreliable expert testimony. But the gatekeeping role "is not intended to supplant the adversary system or the role of the jury: 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *United States v. Alabama Power Co.*, 730 F.3d 1278, 1282 (11th Cir. 2013) (quoting *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311-12 (11th Cir. 1999).

The Court is not convinced that Dr. Miranda-Grajales's methodology is unreliable simply because he did not conduct a physical examination of Plaintiff. Dr. Miranda-Grajales's expert report states that his opinions are based on his clinical experience, his medical training, his lifecare planning training, the history provided, records reviewed, and examination findings. In his deposition, Dr. Miranda-Grajales explained why he could reach the lifecare planning recommendations he did within a reasonable degree of medical certainty even without a physical examination. Defendants did not demonstrate that Dr. Miranda-Grajales's methodology in this action departed from the accepted methodology for lifecare planners. Defendants' concerns about the perceived flaws in Dr. Miranda-Grajales's opinions may certainly be explored via thorough and sifting cross-examination.

But the Court declines to exclude Dr. Miranda-Grajales from testifying at trial.

## III. Defendants' Motion to Exclude the Testimony of Dr. Richard Boehme (ECF No. 26)

Dr. Richard Boehme is a board-certified neurologist who also holds a PhD in biomedical engineering. Defendants seek to exclude Dr. Boehme's testimony regarding causation and "biomechanical engineering." Defendants argue that the Court should exclude his testimony as unreliable because Dr. Boehme is primarily a practicing neurologist and because Dr. Boehme testified that his opinions regarding force application to spine and disc herniations are within his common knowledge *as someone who holds a doctorate in biomedical engineering*. Defendants contend that Dr. Boehme's testimony on this point is nothing more than *ipse dixit*. But it is not; Dr. Boehme's testimony is based on his education and training in biomedical engineering, as well as his review of numerous records related to the wreck and Plaintiff's medical treatment.[2] The Court declines to exclude Dr. Boehme's testimony on this ground.

Defendants also argue that Dr. Boehme's testimony regarding the movement of Plaintiff's body during impact of the car wreck is not based on sufficient facts or data. In support of this argument, Defendants contend that Dr. Boehme's conclusions are

---

[2] Defendants did not point to any evidence that Dr. Boehme's "common knowledge" opinions are counter to what is actually common knowledge for biomedical engineers.

inconsistent with Plaintiff's sworn deposition testimony and some of her medical records. These inconsistencies are certainly something that Defendants may explore on cross-examination, but the Court finds that they do not establish that Dr. Boehme's testimony is based on insufficient facts or data. In reaching his conclusions, Dr. Boehme physically examined Plaintiff, reviewed the expert report of Defendants' biomechanics expert, considered Plaintiff's medical records from twelve medical providers, and reviewed six imaging studies that had been completed on Plaintiff. Thus, the Court is not convinced Dr. Boehme's testimony is based on insufficient facts or data. Defendants may cross-examine Dr. Boehme regarding any perceived holes or mistakes in his work, but the Court will not exclude Dr. Boehme's testimony from trial.

## CONCLUSION

As discussed above, the Court grants Defendants' motion to compel third-party Peach Injury Network LLC's response to subpoena (ECF No. 24) to the extent set forth in this order. The Court denies Defendants' motion to exclude the testimony of Dr. Hector Miranda-Grajales (ECF No. 25) and Defendants' motion to exclude the testimony of Dr. Richard Boehme (ECF No. 26).

IT IS SO ORDERED, this 30th day of June, 2021.

s/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
